# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

CARMEN CARTER-LAWSON, )
)
        Plaintiff, )
) Cause No. 2:16-cv-159
   v. )
)
AFFORDABLE TOWING, )
)
        Defendant. )

## OPINION & ORDER

Carmen Carter-Lawson, a *pro se* plaintiff, filed a complaint pursuant to 42 U.S.C. § 1983 (DE 1), and seeks to proceed with this lawsuit without paying the filing fee. (DE 2). Carter-Lawson sues Affordable Towing for the alleged sexual harassment and "misconduct of business" she suffered when an Affordable Towing employee inappropriately commented on her appearance. Because she is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009) (citing and quoting *Twombly* and *Iqbal*). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 602. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim under Section 1983, Carter-Lawson must allege that the defendant, while "acting under color of state law[,] . . . deprived h[er] of a right, privilege, or immunity secured by the Constitution." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (7th Cir. 2010). Private actors may not be sued under Section 1983 "for merely private conduct, no matter how discriminatory or wrongful." *Id.* at 746 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Carter-Lawson sues what appears to be a private, non-state actor. She does not allege that Affordable Towing is affiliated with the state in any way or that Affordable Towing acts under color of state law. She only alleges that an employee asked her "How did [your] breast get so big?" when she went to check on her car's well-being. (DE 1 at 2.) As a result, she states she felt sexually harassed due to the fact that she is transgender. (*Id.* at 3.)

Unfortunately, there is nothing that I can do for Ms. Carter-Lawson. Liberally construing the complaint, there's nothing that allows me to infer that Affordable Towing's employee was acting under color of state law when he commented on Carter-Lawson's

appearance, and therefore there is no basis for a Section 1983 action, no matter how inappropriate the employee's comment was. *See e.g. Beyer v. Village of Ashwaubenon*, 444 Fed. Appx. 99 (7th Cir. 2011) (dismissal of a *pro se* Section 1983 complaint upheld where plaintiff alleged a landlord and tow company were acting as state actors when they towed and sold his vehicle after a police officer ticketed it as abandoned). Here, Carter-Lawson has not even alleged that Affordable Towing was acting as a state actor. At most, she alleges that the Gary Police Department directed Affordable Towing to have her sign a release to get her car back. (DE 1 at 2.) But "even the need to obtain official approval" does not "turn private action into public action." *Beyer*, 444 Fed. Appx. at **2 (internal quotations omitted). And "[w]hen, as here, the state has not compelled a private act—when 'the impetus and the actors remain private'—there is no state action." *Id*. In plain English, the mere fact that the Gary Police Department instructed Affordable Towing to have Carter-Lawson sign a release regarding her settlement with Gary when she picked up her car is not enough to claim that the employee was acting at the state's direction when he insulted her. For the same reasons, the "misconduct of business" allegation—whichever constitutional right, privilege, or immunity that corresponds to—is therefore also insufficiently pled.

At bottom, Carter-Lawson has failed to state a claim against the named defendant. For the foregoing reasons, the request to proceed without payment of the filing fee (DE 2) is denied, and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**.

ENTERED: June 17, 2016

                                                       s/Philip P. Simon
                                                       PHILIP P. SIMON, CHIEF JUDGE
                                                       UNITED STATES DISTRICT COURT